IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWIN ANDREWS, | : |
|         Petitioner, | : |
| v. | : Civil Action No. 21-886-CFC |
| KOLAWOLE AKINBAYO, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
|         Respondents. | : |

## **MEMORANDUM**

### I.   **BACKGROUND**

In 2015, Petitioner Edwin Andrews ("Petitioner") pleaded guilty to two counts of second-degree robbery and one count of possession of a deadly weapon during the commission of a felony. (D.I. 1-1 at 4) The Delaware Superior Court sentenced him to 15 years of Level V incarceration, suspended after 12 years for descending levels of supervision. *See Andrews v. State*, No. 289,2020, Order at 1-2 (Del. June 11, 2021). On July 27, 2020, Petitioner filed in the Delaware Superior Court a motion for modification of sentence under Delaware Superior Court Criminal Rule 35(b). *See id.* The Delaware Superior Court denied the motion. Petitioner appealed that judgment, arguing that "his numerous medical issues leave him unusually susceptible to the dangers posed by COVID-19." *Id.* He also argued that the increased health risk posed by COVID-19 implicates the Eighth Amendment. *Id.* The Delaware Supreme Court rejected Petitioner's argument and affirmed the Superior Court's denial of his Rule 35 motion. *Id.*; (D.I. 1-1 at 5)

Thereafter, Petitioner filed in this Court a form petition for habeas relief under 28 U.S.C. § 2254 challenging the Delaware state courts' denial of his Rule 35 motion. (D.I 1) He contends that the Delaware state court ignored his medical issues and that their denial of his Rule 35 motion violated his constitutional rights to due process and equal protection. (D.I. 1 at 5-15)

## II. STANDARD OF REVIEW

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). Petitioners seeking habeas corpus relief in federal court have the burden to establish exhaustion of state court remedies,[1] even when they are seeking habeas relief based on the risks posed by COVID-19. *See, e.g., Valdez v. Kauffman*, 2021 WL 1425300, at *2-3 (M.D. Pa. Apr. 15, 2021); *Ginn v. Kauffman*, 2021 WL 1340140, at *2-3 (M.D. Pa. Apr. 9, 2021); *Davis v. Kauffman*, 2021 WL 1225930, at *3-4 (M.D. Pa. Apr. 1, 2013).

---

[1] *See DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005).

## III. DISCUSSION

There are two threshold issues in this case: (1) is a state prisoner's claim that the Eighth Amendment requires his release during the COVID-19 pandemic cognizable under 28 U.S.C. § 2254; and (2) did Petitioner exhaust state remedies for the instant claim. With respect to the first question, the Third Circuit has held that immigration detainees may proceed under 28 U.S.C. § 2241 to challenge allegedly unconstitutional conditions of confinement due to the COVID-19 pandemic. *See Hope v. Warden York Cty. Prison*, 972 F.3d 310 (3d Cir. 2020). Importantly, however, the *Hope* Court cautioned that it was "not creating a garden variety cause of action," and the Third Circuit has not extended its holding in *Hope* to cases outside the immigration context involving petitioners in custody pursuant to a state court judgment of conviction. *Hope*, 972 F.3d at 324-25; *see, e.g., Houck v. Moser*, 2021 WL 1840827, *1 (W.D. Pa. May 7, 2021) ("Even in the COVID-19 era, a writ of habeas corpus is not a generally available remedy outside the immigrant detainee context contemplated in *Hope v. Warden York County Prison* [...]."). Given the significant amount of uncertainty surrounding the issue, the Court will refrain from deciding whether Petitioner can challenge the Delaware courts' failure to release him despite the risks posed by COVID-19.

Instead, the Court concludes that the instant Petition is subject to summary dismissal because Petitioner failed to exhaust state remedies. In Delaware, a prisoner may file a motion for reduction or modification of sentence pursuant to Superior Court Criminal Rule 35(b) and/or apply to the Delaware Department of Correction for a medical modification of sentence under 11 Del. C. § 4217. Under § 4217, the

3

Department of Correction may seek modification of an inmate's sentence for good cause, including "a serious medical illness or infirmity." *See Eggleston v. State*, 203 A.3d 738 (Table), 2019 WL 343669 (Del. Jan. 24, 2019) (citing 11 Del. C. § 4217(c)). Particularly relevant to this case, the Delaware Supreme Court has held that § 4217 is the statutory vehicle for seeking sentence modification in light of an offender's underlying medical conditions and potential exposure to COVID-19. *See Johnson v. State,* 239 A.3d 388 (Table), 2020 WL 5626231, at *2 (Del. Sept. 18, 2020); *see also Chrichlow v. State,* 257 A.3d 449 (Table), 2021 WL 3087677, at *2 (Del. July 21, 2021) ("An application under § 4217 is the proper vehicle for Chrichlow's claims that his cancer treatment and potential exposure to COVID-19 warrants reduction of his sentence."); *Hernandez-Vargas v. State*, 240 A.3d 2 (Table), 2020 WL 5951372, at *2 (Del. Oct. 7, 2020) ("[T]he decision of whether the early release of low-risk offenders would lessen the dangers posed by COVID-19 to the general prison population is best left to the discretion of the Department of Corrections, which may move for the modification of any prisoner's sentence for good cause under 11 Del. C. § 4217.").

Although Petitioner filed a Rule 35(b) motion to modify his sentence and appealed the denial of that motion, the face of the instant Petition does not indicate that Petitioner pursued the discretionary process for determining his eligibility for a medical modification or sentence under § 4217 by submitting a request and the required form to the Department of Correction. Accordingly, the Court will summarily dismiss the instant Petition without prejudice for failure to exhaust available state remedies.

## IV.    CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the instant Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated:  March 7, 2022

_____
Colm F. Connolly
Chief Judge